CALDWELL LAND AND LUMBER COMPANY v. GLOBE LUMBER COMPANY.

(Filed 1 December, 1909.)

**Deeds and Conveyances — Title — Boundaries — Agreement of Parties—Evidence Immaterial.**

When it is agreed between the parties in a suit to establish title to land that the controversy depended upon the beginning corner of E. grant, and if so found the controverted territory would not be covered by plaintiff's grant, evidence of declarations for the purpose of establishing certain pine and maple corners of a grant to G. irrelevant.

APPEAL by plaintiff from *Justice, J.,* May Term, 1909, of CALDWELL.

Action for damages, to restrain the cutting of timber by defendant on lands to which plaintiff claims title.

*W. C. Newland* and *Jones & Whisnant* for plaintiff.
*Mark Squires* and *Lawrence Wakefield* for defendant.

PER CURIAM: The appellant abandons all exceptions except the second, which was to evidence as to the declaration of Gragg as to a certain maple being a corner in his boundary, and the seventh, as to a paragraph in the charge in regard to a pine corner in Gragg's line.

It is not necessary to consider these exceptions, for this controversy was submitted to the jury, not on the location of the Gragg line, but on the beginning corner of the Estes grant. It was admitted that if the beginning corner of the Estes grant was at "30" on the map, then the controverted territory was not covered by plaintiff's grant.

Upon this view alone was the case submitted to the jury. The jury have found such corner according to defendant's contention. The location of the Gragg line depended altogether on the location of the Estes grant; the jury have located that, and the plaintiff admits of record that if the corner of the grant to Estes is at "30," then it has no claim to the controverted territory.

If, therefore, any error has been committed, the plaintiff is in nowise prejudiced thereby.

No error.